United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANITA TRUSH,

Plaintiff,

v.

CAROLYN W. COLVIN, et al.,

Defendants.

Case No. 3:25-cv-00638-LJC

**MOTION FOR ATTORNEY FEES**

## I. INTRODUCTION

Plaintiff seeks an award of attorney fees totaling $12,923 pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. §2412(d), on the grounds that the United States in this action was not substantially justified.

## II. BACKGROUND

On February 2, 2022, Plaintiff filed an application for disability insurance benefits pursuant to Title 2 of the Social Security Act. ECF No. 13 at 2. On January 16, 2024, the ALJ found that Plaintiff was not disabled. *Id*. Plaintiff sought review in this Court. *See* Compl. (ECF No. 1). On March 31, 2026, this Court granted Plaintiff's request to vacate the Commissioner's denial of her application and remanded the matter for further administrative proceedings. ECF No. 15.

Plaintiff moves for an award of $12,923 in attorneys' fees pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412(d)(1)(A), on the ground that Defendant's position was not substantially justified. *See* ECF No. 17. Defendant has not opposed that motion, and the time to do so has long expired.

## III. LEGAL STANDARD

The EAJA provides an award for attorney fees to litigants who prevail in civil actions

against the United States and timely file a petition for fees. 28 U.S.C. § 2412(d)(1)(A). Under the EAJA, a court awards attorney fees to the prevailing party unless it finds the government's position was "substantially justified or that special circumstances make such an award unjust." *Van v. Barnhart*, 483 F.3d 600, 604 (9th Cir. 2007). "It is the government's burden to show that its position was substantially justified or that special circumstances exist to make an award unjust." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001) (citation omitted).

## IV. ANAYSIS

### a. Defendant Has Not Shown Substantial Justification

A position is substantially justified if there is a "reasonable basis both in law and fact" *Pierce v. Underwood*, 487 U.S. 552, 553 (1988). However, if the government does not respond, the court may treat the government's non-opposition as a failure to offer a basis for a finding of substantial justification, and thus, a failure to carry its burden. *Gwaduri v. I.N.S.*, 362 F.3d 1144, 1146 (9th Cir. 2004).

Here, it is uncontested that Plaintiff is the prevailing party and that she timely filed her present motion for attorneys' fees. The government did not file an opposition and thus failed to meet its burden to show that its position was substantially justified. Nor does the Court find special circumstances present that would justify denying fees. The Court therefore grants Plaintiff's motion for attorney's fees.

### b. Amount of Fees

Plaintiff requests fees totaling $12,923. EAJA fees are based on the "time expended" and the attorney's billing rate. 28 U.S.C. § 2412(d)(1)(B). The EAJA authorizes an award only for "reasonable" attorneys' fees and caps the rate which fees can be awarded at $125 an hour. 28 U.S.C. § 2412(d)(2)(A). However, a court may authorize a higher rate based on special circumstances or an increase in cost of living. *Id*. The Ninth Circuit permits a cost-of-living adjustment based on the "CPI-U" consumer price index. *Thangaraja v. Gonzales*, 428 F.3d 870, 876 (9th Cir. 2005). The EAJA statutory maximum hourly rate in the Ninth Circuit for work performed in 2025 when this matter was briefed, adjusted for increases in the cost of living, is

$258.46.[1]

The Ninth Circuit has held that "clerical" tasks, including "filing, transcript, and document organization time," are not properly included in attorney billing under the EAJA and must be "subsumed in firm overhead." *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009). "Time entries excluded in *Nadarajah* included 'research and an email to [the client] regarding habeas corpus petitions, filing procedures, and attorney admission, and for requesting checks for the filing and attorney admission fees,' obtaining transcripts, preparing a cover letter, and the like." *McDade v. Saul*, No. 17-cv-00763-JCS, 2019 WL 6251229, at *6 (N.D. Cal. Nov. 22, 2019) (quoting *Nadarajah*, 569 F.3d at 921). "On a blank slate, one might reasonably question whether the below-market billing rates set by the EAJA leave any 'overhead' from which the costs for necessary clerical tasks can be paid, but this Court is not free to depart from the framework established by the statute and Ninth Circuit precedent interpreting it." *Id.* at *6 n.6.

Plaintiff's attorney offers a declaration and timesheet showing that she spent fifty-three billable hours on this case. ECF No. 17-1, ¶¶ 3, 4, 6–8; ECF No. 17-3. Plaintiff's counsel has voluntarily reduced her fee request to fifty hours. ECF No. 17-1, ¶ 5. The Court finds that nearly all of the time that Plaintiff's counsel billed for review of the merits, legal research, negotiations with opposing counsel, and meetings and correspondence with her client to be sufficiently substantive legal work to be compensable under the EAJA. *See* ECF No. 17-3 (billing entries). To the extent that Plaintiff's counsel listed a handful of 0.1-hour time entries for client correspondence that might not be compensable under *Nadarajah*, those entries are de minimis and amount to much less than the three hours that counsel voluntarily deducted from her request. The Court therefore allows fifty hours of attorney time at the 2025 hourly rate of $258.46, for a total award under the EAJA of $12,923.

---

[1] *See* table set forth at: https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (accessed Sept. 25, 2026); citing 28 U.S.C. § 2412(d)(2)(A); *Thangaraja v. Gonzales*, 428 F.3D 870, 876-77 (9th Cir. 2005); 9th Cir. R. 39-1.6. A small portion of Plaintiff's counsel's work on this case occurred in 2026, but the Ninth Circuit has not published new rates for 2026 and counsel seeks recovery of fees at only the 2025 rate.

## V. CONCLUSION

For the reasons discussed above, Plaintiff's Motion for Attorney Fees is GRANTED. The Commissioner is ORDERED to pay $12,923 under the EAJA.

This award is to be paid to Plaintiff, except that if the Commissioner elects to waive the Anti-Assignment Act, the Commissioner may pay these funds directly to the Law Office of Katherine Siegfried pursuant to Plaintiff's agreement to assign fees. *See* ECF No. 17-2.

**IT IS SO ORDERED.**

Dated: September 28, 2026

LISA J. CISNEROS
United States Magistrate Judge